66    625
f92   705

## CHAMBERS, ROY & HILLYER v. H. J. MEAUT.

1. INSTRUCTIONS. *Immaterial error.*

If on the trial of a claimant's issue in attachment instructions are given in behalf of the claimant which are applicable to the issue of the rightfulness of the attachment, but not to the claimant's issue, this court will not reverse a judgment for the claimant because of such instructions, if it appears that the plaintiff could not have been harmed thereby.

2. INSTRUCTION AS TO BURDEN OF PROOF. *" Clear" preponderance.*

An instruction which announces that the party on whom rests the burden of proving that a conveyance is fraudulent must establish that fact by a clear preponderance of the evidence, is not erroneous because of the use of the adjective "clear."

3. ASSIGNMENT FOR BENEFIT OF CREDITORS. *Assignee without means, not a badge fraud.*

The fact that the assignee in an assignment by an insolvent debtor for the benfit of creditors is a poor man and destitute of means is not a badge of fraud.

4. IMMATERIAL ERRORS. *New trial refused if different result on another trial not likely.*

In this case, the error assigned being the overruling of a motion for a new trial, this court will not reverse, although some of the instructions should probably not have been granted, as a different result would not likely be reached on another trial.

66 MISS.—40.

FROM the circuit court of Harrison county.

HON. S. H. TERRAL, Judge.

In November, 1887, George W. Champlin, an insolvent merchant, executed an assignment of all his stock of goods and assets of every description to the appellee, H. J. Meaut, as assignee, for the benefit of his creditors. The assignment was in the usual form and provided for certain preferences.

Appellants were unpreferred creditors, and a few days after the execution of the assignment they sued out an attachment against Champlin, and caused the same to be levied upon the stock of goods in possession of the assignee. The latter interposed a claim and gave bond for the return of the goods.

The trial of the attachment issue resulted in favor of the plaintiff and an issue was made up between the plaintiff and the claimant which proceeded to a trial.

Among the instructions granted on behalf of the claimant were several which had reference to the character of proof necessary to justify an attachment against a debtor, and were therefore appropriate to the issue that had already been determined, rather than to the claimant's issue.

The court also gave, at the instance of the claimant, an instruction that it was incumbent upon the plaintiffs to make out their case by a *clear* preponderance of the evidence, and also an instruction "that the mere fact that H. J. Meaut is a poor man and destitute of means is not a badge of fraud."

There was much evidence on the part of both the plaintiffs and the claimant touching the character of the assignment, and many errors are assigned and argued here by counsel, but this court treats the verdict of the jury in favor of the claimant as settling the controverted facts in his favor, and the foregoing statement will be sufficient for an understanding of the opinion.

*Calhoon & Green*, for appellants.

It was improper to give the instruction requiring the plaintiffs to establish their case by a *clear* preponderance of the evidence. The burden is satisfied by a preponderance, and the expression "clear preponderance" imposed upon plaintiffs a burden not rest-

ing legally upon them.   Nor was it right to require plaintiffs to make out their case by a clear preponderance of evidence.   If a preponderance of all the evidence, that for plaintiffs and the claimant together, was in favor of the conclusion that the assignment was fraudulent, that is all that is required.

This instruction and others given for the claimant were appli_ cable only to the attachment issue and had no place in the claimant's issue.   They imposed upon the plaintiffs the duty of proving again that the attachment was rightfully sued out, and required the jury to so believe.   This was plainly error.

It was likewise error to grant the instruction that the appointment of an insolvent assignee was not a badge of fraud.   Burrill on Assignments, § 93.

*E. J. Bowers,* for appellee.

The question involved was purely one of fact, and was properly. left to the jury.   It was fairly submitted and the verdict should not be disturbed.

The instructions in reference to the burden of proof required only that the plaintiffs should make out their case as the law directs.   They are couched in unobjectionable language and correctly state the law.   It was necessary that the party charging fraud should make it out by a clear preponderance of the evidence. Kerr on Fraud and Mistake 382.

The insolvency of the assignee is not a badge of fraud.   It occurs to us that if he be capable, honest and efficient, that is all the creditors have a right to ask.   If he be in danger of losing the property, he can be restrained or removed.   It is not always easy or possible to find an assignee who is a man of wealth.   When such an one cannot be had, is the debtor to be deprived of his right to assign?

CAMPBELL, J., delivered the opinion of the court.

It is true that several instructions applicable to the issue as to the rightfulness of the attachment rather than the claimant's issue were given at the instance of the claimant, as it appears by the transcript, but we do not see how any harm could have resulted to the

appellants from these instructions ; and we think that the insertion of the adjective "clear," complained of as to the preponderance of evidence required in some of the instructions, did not amount to anything. Nor did the court err, in telling the jury that, "the mere fact that the assignee is a poor man and destitute of means, is not a badge of fraud." It is true that Burrill on Assignment says it is, but we say it is not, for integrity is quite as often found among men without property liable to creditors, as among the possessors of larger means, and a character for uprightness is a better guaranty of fidelity in matters of pecuniary trust than mere property, which is so often put beyond the reach of creditors, when it is sought to satisfy their demands. Perhaps this instruction should not have been given, because it is on the weight of evidence, but it has not been objected to in this point of view, and it is highly probable that it was harmless, in view of the evidence in the case.

We do not think it likely that a different result would be reached on a new trial, and as the case is before us on a motion for a new trial the judgment is

*Affirmed.*